E. O. Turner, Appellant, v. The Farmers Exchange Bank of Gallatin et al., Respondents.—45 S. W. (2d) 1084.

Kansas City Court of Appeals.   January 11, 1932.

*Dean H. Leopard* and *Dudley & Brandom* for appellant.

*Ed C. Hyde, Earle W. Frost, J. W. Alexander* and *L. B. Gillihan* for respondents.

ARNOLD, J.—This is an action seeking to establish a claim, as a preferred allowance, against the Farmers Exchange Bank of Gallatin, Missouri, which failed and was placed in the hands of the Commissioner of Finance for liquidation.   In due time plaintiff filed his claim against the receiver, which was allowed as an ordinary claim.   This suit was instituted to have same declared a preferred claim.

The cause was tried to the court, resulting in a judgment denying a preference, but approving the allowance as a common claim.   After an unavailing motion for a new trial, plaintiff prayed for and was granted an appeal to this court.   Believing that a State officer, within the meaning of the provisions of law so providing, was a party to the cause and that this court was without jurisdiction of the appeal, we transferred the same to the Supreme Court.   However, that court decided such was not the situation, and accordingly ordered the cause returned to us for determination.

The record discloses, pursuant to an agreement between parties representing various claimants, and counsel for the bank and the commissioner, all matter of disputed allowances was informally tried

by the court in one proceeding. Plaintiff's petition alleged the incorporation of the bank; that it was engaged in the general banking business; that prior to March 4, 1926, it was open, receiving deposits, paying checks, transacting business as usual and functioning in all respects as such, thereby, it was charged, representing itself to be solvent and able to meet its obligations; that on said day, while so operating, plaintiff, believing said bank to be solvent, deposited the sum of $573.50; that the funds of said bank were increased thereby in said amount. The petition then alleges that on said date the bank was "hopelessly and irretrievably insolvent" and unable to meet its obligations which facts were well known to the officers and directors; that plaintiff had no knowledge thereof; that by receiving said deposit under the circumstances alleged, an act of fraud was committed and that said bank became and was a trustee *ex maleficio* of plaintiff's money so deposited; that title thereto did not vest in said bank, but the ownership thereof remained in plaintiff; that said bank passed into the hands of the banking department of the State for liquidation the very day of said deposit, namely March 4, 1926, at which time plaintiff's money had not been withdrawn; that there was cash on hand and in solvent correspondent banks greatly in excess of said deposit; that plaintiff's fund was still in the hands of said defendant bank and liquidating agents thereof as a trust fund due him; that by reason of its insolvency at the time of receiving said deposit, it was the duty of said bank and its officers, directors and employees in charge or the operation thereof to have advised plaintiff of the facts of insolvency and inability to meet its obligations; that by reason thereof it was the duty of the bank to refuse to accept and receive said deposit; that acceptance of said deposit at said time and under said conditions did not serve to create a relation of debtor and creditor and such relation did not exist; that a relation of trust and confidence was created and existed and said deposit became and was a trust fund; that by reason of the premises plaintiff was entitled to have said sum declared a trust fund impressed upon all the property of the bank, with preferential payment thereof ahead of general creditors.

The petition then concludes with allegations as to time of due filing and presentation of claim to the deputy Commissioner of Finance in charge of the liquidation of the bank for allowance with preferred classification; the refusal so to do and institution of this action within the time required by law. The prayer for judgment asks that the bank be declared a trustee *ex maleficio* of said $573.50, and said amount decreed to be a trust fund in the hands of the Commissioner of Finance and his special deputy in charge thereof; that their action in refusing an allowance as a preferred claim be disapproved and an order entered that such amount be paid as a pre-

ferred claim before the general creditors of said bank. The answer filed on behalf of all the defendants, respondents herein, consisted merely of a general denial.

Without attempting to detail the evidence, the record discloses that all material allegations of the petition are substantially supported by the testimony. There is no dispute as to the material facts of the case. It appears the bank was insolvent for a long period prior to the time it was placed in the hands of the finance department of the State; that the officers were entirely familiar with such condition and failed to make a full disclosure of the actual situation to the State bank examiners who, on February 25, 1926, on behalf of the commissioner, examined the bank for the purpose of determining its affairs; that at that time, as a result of such examination, a requirement of $50,000 in cash was made upon the officers and directors to be placed in the bank and substituted for certain questionable assets to be removed, not later than March 4, 1926, that date being the final day for taking such action.

Mr. Shelby, one of the said examiners, testified that if a full disclosure had been made on their visit, they would have known the bank was hopelessly and irretrievably insolvent; that "the officers and directors of the bank, if persons of ordinary intelligence, in the position they occupied with the bank, couldn't have helped but know of its true condition;" that the condition later disclosed had existed when the bank was examined on February 26, 1926; that "about seventy-five per cent of the exact status of the bank was hidden" from the State banking department by the officers in charge of the bank; that if said department had been apprised and such facts not concealed, the bank would not have been permitted to open on Monday, March 4, 1926 (at which time the bank received plaintiff's funds); that it was apparent no serious effort had been made by the directors and officers to secure the $50,000 demanded by the department; that on the contrary such funds as were to the credit of the various officers and directors in the bank, with one exception of a credit of $80 were withdrawn and checked out, just prior to the closing; that plaintiff had issued four checks in the sum of $20 each against the said deposit which were paid; that when the bank closed plaintiff's account showed a balance of $493.50. This was the amount allowed as a general claim.

There is but one assignment of error. In this state of the record, it is urged the court erred in refusing to allow the claim for the deposit made by plaintiff as a preferred claim.

In the determination of the matter presented, in consideration of the foregoing, we conclude that the knowledge of the officers of the bank of its hopelessly insolvent condition, at the time of receipt of the deposit in question, constituted a fraud upon plaintiff, and the

relationship thereby created, by reason thereof, was not that of debtor and creditor, but rather one of trustee and *cestui que trust;* that the money so received passed into the hands of the banking commissioner, and as such became and was a trust fund, impressed with a trust in favor of plaintiff, and to which he was entitled as a preference ahead of general creditors of said bank. Accordingly we so hold.

This rule is so well established in this State that further discussion of it would seem unprofitable. We merely cite some cases so holding. [St. Louis-San Francisco Ry. Co. v. Millspaugh, 220 Mo. App. 110, 278 S. W. 786; Compton Co. v. Farmers Trust Co., 291 S. W. 170; Barnsdall Refining Co. v. Wells-Hine Trust Co., 32 S. W. (2d) 1093; Nichols v. Bank of Syracuse, 220 Mo. App. 1019, 278 S. W. 793.] See also Porterfield v. Farmers Exchange Bank of Gallatin, 37 S. W. (2d) 936, recently decided, where the facts attendant upon the condition of this bank and the fraudulent actions of its officers are fully discussed and similar questions ruled upon.

In holding as we have we are not unmindful of the contention urged by respondents that the filing and allowance of the claim as a debt against the general assets of the bank is a ratification of the original relationship, and hence precludes such depositor from asserting a preferential claim in equity, based upon a trust theory. As we have heretofore stated, this cause was informally tried before the court. There are no facts present calling for the application of the rule announced in Stoller v. Coates, 88 Mo. 514, cited by respondents. Simultaneously with the allowance of plaintiff's demand as a common claim and in the same judgment decree, composed of some ninety-eight pages covering all claims made against the bank, appears the disallowance as a preferred claim at a subsequent part thereof. However, since no theory of estoppel, prior adjudication, election or waiver was pleaded or made an issue by defendants, it is clear the controversy centers in the determination of the propriety of the court's action, in denying a preference under the facts, as shown of record.

Addressing ourselves further to this matter, it would seem that in justice to plaintiff his money should be returned to him since, in legal contemplation, by virtue of the trust relationship created, it formed no part of the assets of the debtor's estate. It is uniformly held that the identical property or thing need not be identified in order to entitle the plaintiff to a preferred claim. It is sufficient if his money has been commingled with the property of the trustee and enhanced the assets which have come into the hands of the Finance Commissioner. [St. Louis-San Francisco Ry. Co. v. Millspaugh, supra; Compton Co. v. Farmers Trust Co., supra; May v. Bank of Hughesville, supra; Bransdall Refining Co. v. Wells-Hine Trust Co.,

718

supra; Nichols v. Bank of Syracuse, 220 Mo. App. 1019, 278 S. W. 793; Porterfield v. Farmers Exc. Bank of Gallatin, supra.]

In consideration of the foregoing we hold plaintiff's right to a preference should be determined by the rules announced and under the law as stated, plaintiff has established a case entitling him to a preference. We therefore reverse the judgment of the circuit court and remand the cause, with directions to allow plaintiff's claim as a preference, in the sum of $493.50. It is so ordered. All concur.